(52 Misc. Rep. 575)

### LEVY v. REDFERN.

(Supreme Court, Appellate Term. February 11, 1907.)

SALES—RIGHTS OF BUYER—WAIVER OF DEFECTS.

> Where, in an action for goods sold, it appeared that the purchaser retained the articles for four months before making any complaint of defects, it was error to dismiss the complaint on the ground of such defects, as there was a question as to whether the purchaser did not waive any defects.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 494.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Arthur M. Levy against William W. Redfern. Appeal by plaintiff from a judgment in favor of defendant. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Sidney L. Josephthal and John Marcus, for appellant.

Jerry A. Wernberg, for respondent.

PER CURIAM. This action was brought to recover the value of certain goods sold to the defendant by the plaintiff's assignor. Among the articles sold was a screen, lamp stand, and shade at the agreed price of $179. The answer sets up that plaintiff's assignor and the defendant entered into an agreement under the terms of which there was to be delivered to the defendant in Brooklyn, N. Y., the aforesaid articles "in perfect condition"; that the lamp stand delivered was not the one purchased, and the screen was not in "perfect condition." The defendant also set up a counterclaim for damages by reason of the defective condition of certain other goods purchased by him of plaintiff's assignor, and asked judgment for $125 against plaintiff for that

amount.   The justice dismissed the complaint and rendered judgment in favor of the defendant upon his counterclaim for $95.

The giving of the judgment against the plaintiff is conceded to have been error, and the defendant consents that the judgment be modified by striking out the amount of recovery and rendering judgment in favor of the defendant upon the merits.   The dismissal of the complaint was, however, clearly error.   The sale was made to the defendant in March, 1905, and the goods were to be delivered to him, as before stated, in Brooklyn.   He received them shortly after, retained them, and, so far as appears by the record, made no complaint relative to the alleged defects until in July following.   Under such circumstances there was a question as to whether or not he did not waive any defects that might have existed in the goods at the time of their delivery.   Pierson v. Crooks, 115 N. Y. 539, 22 N. E. 349, 12 Am. St. Rep. 831.   At most he could only recoup against the plaintiff's claim such damages as might be shown to have been created by reason of a breach of warranty on the part of the plaintiff.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J. (concurring).   Apparently there were no defects, not visible upon ordinary inspection, in the goods when purchased in Arkansas, and no suggestion thereof to the plaintiff upon their arrival in Brooklyn.   Remonstrance after more than reasonable time and opportunity for inspection had passed was insufficient and a waiver by the vendee, who seems to have relied more upon the personal undertaking of the auctioneer than upon a guaranty by the vendor.

The judgment should be reversed and a new trial ordered.